UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PELICAN COMMUNICATIONS, INC., | No. C-14-4371 EMC |
|     Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| MARTY SCHNEIDER, *et al.*, | |
|     Defendants. | **(Docket No. 19)** |

Currently pending before the Court is Defendant Marty Schneider's motion to dismiss for lack of personal jurisdiction. Although Plaintiff Pelican Communications, Inc. filed an opposition to the motion, it failed to make an appearance at the hearing. Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **GRANTS** Mr. Schneider's motion.

## I. DISCUSSION

A.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss for lack of personal jurisdiction. In the instant case, Pelican does not dispute that general jurisdiction over Mr. Schneider is lacking. Rather, the dispute between the parties is whether there is specific jurisdiction over Mr. Schneider.

Under Ninth Circuit law, there is a three-prong test for specific jurisdiction.

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the

> privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227-28 (9th Cir. 2011).

> The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable.

*Scwharzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Where a defendant's motion is based on written materials only (*i.e.*, there is no evidentiary hearing), then a "plaintiff need only make a prima facie showing of jurisdictional facts to withstand [a] motion to dismiss." *Mavrix*, 647 F.3d at 1223. In evaluating whether a prima facie showing has been made, a court must take any uncontroverted allegations in the complaint as true, but it "'may not assume the truth of allegations in a pleading which are contradicted by affidavit.'" *Id.* Thus, the Ninth Circuit has cautioned that "[t]he plaintiff cannot 'simply rest on the bare allegations of its complaint.'" *Id.* If there are factual disputes based on competing affidavits submitted by the parties, then those disputes are resolved in the plaintiff's favor. *See id.*; *see also AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (stating that "uncontroverted allegations in [plaintiff's] complaint must be taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists'").

B. <u>Breach of Contract</u>

Whether there is personal jurisdiction over Mr. Schneider with respect to the claim for breach of contract has two components: (1) whether Pelican has made a prima facie showing that there is personal jurisdiction over TCE and (2) whether Pelican has made a prima facie showing that TCE is Mr. Schneider's alter ego. *See, e.g.*, *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 627 (1st Cir. 2001) (taking note of government's concession that "personal jurisdiction extends to IMB only if (1) the government makes a prima facie case for jurisdiction over SAB" first and then

1  (2) the government can establish that IMB is SAB's alter ego); *Goldman v. Seawind Group Holdings Pty Ltd.*, No. CV 13-01759 SI, 2013 U.S. Dist. LEXIS 124052, at *8-9 (N.D. Cal. Aug. 29, 2013) (stating that, "if plaintiffs have made a prima facie showing that Ward is the alter ego of Seawind or the Corsair companies [over which personal jurisdiction was undisputed], then this Court has personal jurisdiction over him").

In his papers, Mr. Schneider focuses on the second component only. Mr. Schneider points out that he has provided evidence that TCE was not his alter ego. More specifically, in his affidavit, he states: "TCE was a functioning Georgia limited liability company and was not in any way, shape, or form my 'alter ego,' as alleged in the Complaint." Schneider Aff. ¶ 9. While this is a bare bones claim not fleshed out in any detail, it is still some evidence – and Pelican has made no attempt to counter Mr. Schneider's affidavit with any evidence of its own. Had Pelican simply provided its own affidavit or declaration disputing Mr. Schneider's affidavit, then the Court would be presented with a factual dispute which it would have to resolve (at this stage in the proceedings) in Pelican's favor. Pelican's failure to provide any evidence, though, is its undoing. Without any counter-evidence at all, the Court cannot conclude that Pelican has made a prima facie showing of any kind regarding alter ego liability. Pelican cannot simply rest on the allegations in its complaint where some evidence has been supplied by Mr. Schneider (albeit weak evidence).

C.  <u>Intentional Misrepresentation</u>

As to whether there is personal jurisdiction over any of the tort claims, the Court can focus on the intentional misrepresentation claim as a representative claim.

Pelican alleges as follows with respect to its intentional misrepresentation claim:

> Defendants promised plaintiff that as per the Agreement, Defendants as a sub-licensee acting on behalf of Pelican would manage the collection, segregation and accounting of gross revenues from the locations for payment of commissions to PELICAN. At the time these Defendants made these promises, they did not intend to perform them and knew that the representations were false.

3

FAC ¶ 33.  If the Court were to liberally construe the above allegation, it could infer that Mr. Schneider promised Pelican that TCE would pay commissions to Pelican even though he knew at the time that TCE would not.[1]

The issue thus becomes whether the above uncontroverted allegation in the FAC is enough to give rise to specific jurisdiction over Mr. Schneider under the three-prong test described above.  The first prong of the specific jurisdiction test is the critical one – *i.e.*, whether Mr. Schneider engaged in purposeful direction or purposeful availment with respect to the forum.  Given that the claim for intentional misrepresentation is a tort claim, a purposeful direction analysis is more appropriate.  *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672-73 (9th Cir. 2012) (stating that, "'[i]n tort cases, we typically inquire whether a defendant "purposefully direct[s] his activities" at the forum state, applying an "effects" test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum'").  "[Under] *Calder*, the 'effects' test [for purposeful direction] requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  *Schwarzenegger*, 374 F.3d at 803.

Here, the *Calder* effects test is not met, particularly based on the record before the Court and Supreme Court's 2014 opinion, *Walden v. Fiore*, 134 S. Ct. 1115 (2014).  In *Walden*, the Supreme Court emphasized that "our 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 1122.  The Court also underscored that "mere injury to a forum resident is not a sufficient connection to the forum. . . . The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 1125.  After *Walden*, it is not enough simply to claim the defendant injured the plaintiff who happens to reside in the forum state and thus anticipated ultimate injury would be felt in the forum state.

---

[1] There is nothing in Mr. Schneider's affidavit that contradicts this inference arising from the FAC.  In his affidavit, Mr. Schneider does state: "I have not made any representations to Plaintiff that I would personally pay for any obligations that [TCE] may have owed to Plaintiff."  Schneider Aff. ¶ 8 (emphasis added).  However, this does not mean that Mr. Schneider did not make a promise that TCE would pay.

In the instant case, Pelican's argument in support of personal jurisdiction is counter to the Supreme Court's reasoning in *Walden*; it boils down to the contention that Mr. Schneider intentionally targeted Pelican, a known resident of California, for imposition of an injury to be suffered by Pelican while residing in California. *See id.* at 1124 n.8. Based on the record before the Court, Mr. Schneider's contact with California appears to be random or fortuitous – *i.e.*, resulting simply because Pelican happens to be a California resident. *Cf. Premier Funding Group LLC v. Aviva Life & Annuity Co.*, No. CV-14-01633-PHX-DGC, 2014 U.S. Dist. LEXIS 169335, at *14-15 (D. Ariz. Dec. 8, 2014) (stating that plaintiff "must show that [defendant] expressly aimed his tortious conduct at *Arizona*, not simply at [plaintiff]"). Nothing in the complaint establishes the kind of contact with California (as opposed to mere contact with a California resident) required by *Walden*.

## II.  CONCLUSION

Because Pelican has failed to make out a prima facie showing of personal jurisdiction on either the contract claim or the tort claims, the Court grants Mr. Schneider's motion to dismiss for lack of personal jurisdiction. Furthermore, because Pelican failed to appear at the hearing, the Court was not presented with any argument as to how Pelican might be able to allege or prove additional facts establishing personal jurisdiction. Accordingly, the Court grants the motion to dismiss without leave to amend.

This order disposes of Docket No. 19.

IT IS SO ORDERED.

Dated: February 6, 2015

_____
EDWARD M. CHEN
United States District Judge